## Sharp's Estate

*Albert C. Hirsch* and *Paul K. Hirsch* of *Hirsch & Shumaker,* for exceptant.

*J. M. Stoner & Sons,* for accountant.

*J. R. Van Kirk,* for administrators.

*Thomas D. McCloskey, McAllister & McAllister,* and *C. Roscoe Hoffman,* for creditors.

PER CURIAM, September 29, 1943.—James Simpson and his wife gave a bond secured by a mortgage on certain real estate to claimant, Commonwealth Trust Company of Pittsburgh, on December 27, 1926. On December 27, 1932, John A. Sharp, the within decedent, purchased the said real estate under and subject to the aforesaid mortgage and also executed a bond in favor of the mortgagee. The mortgage was foreclosed by scire facias proceedings after the death of the decedent and was bought in by the mortgagee. The mortgagee now claims that its judgment was not fully satisfied and that it is entitled to recover from the decedent's estate on his bond. The auditing judge refused to allow the claim. The question is whether the Deficiency Judgments Act of July 16, 1941, P. L. 400, is applicable under the facts of this case and whether the fair market value of the property sold by scire facias proceedings on the mortgage should be credited against a claim on a bond given by the terre-tenant to the mortgagee at the time he purchased the property subject to the mortgage now foreclosed.

Counsel for the mortgagee alleges that there has been no judicial interpretation of the Deficiency Judg-

ments Act which would apply to the facts of this case. It therefore follows that we must adopt a common-sense interpretation. The act reads in part as follows:

"Section 1. Whenever any real property has heretofore been or is hereafter sold, directly or indirectly, to the plaintiff in execution proceedings and the price for which such property has been sold was or is not sufficient to satisfy the amount of the judgment, interest and costs and the plaintiff seeks to collect the balance due on said judgment, interest and costs, the plaintiff or plaintiffs shall petition the court having jurisdiction to fix the fair market value of the real property sold as aforesaid."

"Section 6. . . . After the hearing and the determination by the court of the fair market value of the property sold the debtor, obligor, guarantor and any other person liable, directly or indirectly, to the plaintiff or plaintiffs for the payment of the debt shall be released and discharged of such liability to the plaintiff to the extent of the fair market value of said property . . ."

"Section 7. . . . In the event no petition is filed within such period, the debtor, obligor, guarantor and any other person liable, directly or indirectly, to the plaintiff or plaintiffs for the payment of the debt shall be released and discharged of such liability to the plaintiff or plaintiffs."

Counsel, in his brief, argues that the legislature in the first section of the statute uses "the judgment" throughout and that when the word "debt" is used in sections 6 and 7 it also means "the judgment." Since the words are used interchangeably the converse interpretation that "judgment" means "debt" would also be justifiable. The latter interpretation is more equitable. The Deficiency Judgments Act is an equitable statute, intended for the protection of debtors. It contemplates "any other person liable, directly or indirectly", and provides for their discharge under cer-

tain conditions. It would be a narrow construction to say that it contemplates only those persons liable on a particular judgment rather than on a particular debt. The mortgagee had one debt and two debtors but he is entitled to only one satisfaction.

It is also argued that the Deficiency Judgments Act does not apply to a judgment in rem. The judgment was not in rem.* The Deficiency Judgments Act is applicable to the facts of this case, the terre-tenant is entitled to the credit for the fair market value of the property, and the act should have been followed. The exceptions will be dismissed and the decree of the auditing judge sustained.

---

* Black on Judgments, secs. 792, 794, 795; Richard H. Hawkins and William S. Moorhead in their Notes on Common Pleas Practice, sec. 384; 15 R. C. L. 630; 3 Freeman on Judgments, 3124; Combs v. Combs et al., 249 Ky. 155, 60 S. W.(2d) 368.